UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CALYPSO BAY, L.L.C. | CIVIL ACTION |
| VERSUS | NO: 06-4367 |
| STATE FARM FIRE AND CASUALTY COMPANY | SECTION: "A" (1) |

### ORDER AND REASONS

Before the Court is a **Motion for Partial Summary Judgment as to Attorney's Fees and Bad-Faith Penalties (Rec. Doc. 99)** filed by defendant State Farm Fire and Casualty Company. Plaintiff, Calypso Bay, LLC, opposes the motion. The motion, set for hearing on August 20, 2008, is before the Court on the briefs without oral argument. After reviewing the memoranda of counsel and applicable law, the Court concludes that Defendant's motion should be **GRANTED** for the reasons that follow.

### I.   BACKGROUND

Plaintiff Calypso Bay, LLC, owns an apartment complex consisting of thirty-four buildings in Gretna, Louisiana, which was damaged as a result of Hurricane Katrina. Defendant issued policy number 98-C9-2306-3 to Plaintiff, providing coverage for damages caused by "windstorm, falling objects, and water damage" (not flood waters), as well as damages arising due to business interruption and other expenses. (Compl. ¶ 6). The policy was for the period of August 31, 2004,

through August 31, 2005.  (*Id.*).

According to Plaintiff, the hurricane struck Jefferson Parish and caused substantial damage to the apartment complex. (*Id.* at ¶ 7-8). The apartments suffered damages from rain water because of wind damage to the roof, windows, and siding of the complex. (*Id.* at ¶ 7-8). On September 15, 2005, Plaintiff provided State Farm with timely notice of its damages from Hurricane Katrina, and requested that the Defendant tour the complex and inspect units to assess damage. (*Id.* at ¶ 9-11). According to the Defendant, its adjuster began that process in October.

Plaintiff filed suit in the instant matter on August 17, 2006.  Plaintiff claims Defendant breached its insurance policy and alleges various causes of action,[1] including bad faith allegations and claims for attorney's fees under the amended La. R.S. § 22:658. (Compl. ¶ 27-34).  La. R.S. § 22:658 was amended effective August 15, 2006, and the amended statute provides for increased bad-faith penalties (50%) and attorney's fees.

State Farm moves for a partial summary judgment with respect to the Plaintiff's claims for attorney's fees under (1) Civil Code art. 1997; (2) 35 U.S.C. § 285; and (3) La. R.S. § 22:658. State Farm also moves for partial summary judgment with respect to bad-faith penalties under La. R.S. § 22:658. In support of the motion, the Defendant argues that attorney's fees are unavailable under Civil Code art. 1997.  (MSJ at 10).  Further, the Defendant argues that 35 U.S.C. § 285 is inapplicable to this matter as the statute only applies to patent law cases.  (*Id.*).  Finally, the Defendant argues that the bad-faith penalties and attorney's fees available under the amended statute

---

[1]The claim asserted by plaintiff under La. R.S. 22:1220 was dropped by Plaintiff at a January 31, 3008 pre-trial conference.  (Rec. Doc. 73.)

2

are not available in this case, as the cause of action accrued before the amendment became effective and it can not be applied retroactively. (*Id.* at pp. 4-10).

In opposition, Plaintiff asserts that La. R.S. § 22:658 as amended does apply in this matter because Calypso submitted a proof of loss in May of 2007, almost nine months after the amendment became effective. (Mem. in Opp. p. 2). Plaintiff argues that because the proof of loss was submitted after the effective date of the amendment, it alleges new damages and the claim accrued post-amendment. (*Id.* at 3-4).

In reply, State Farm argues that Calypso's claim accrued before August 15, 2006 because it adjusted the claim before that period and because Calypso's complaint alleges that Calypso gave proof of loss well before the amendment. Further, State Farm argues that any roof damages reported after August 15, 2006, did not represent new damages, foreclosing the retroactive application of the amended statute.

In response, the Plaintiff argues that it may submit more than one proof of loss, and that its expert report provided in May of 2007 constituted a satisfactory proof of loss that triggered the amended statute.

## II.   DISCUSSION

### A.   *Summary Judgment Standard*

Summary Judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby,*

*Inc.*, 447 U.S. 242, 249-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed.R.Civ.P 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (1993)).

### *B. Law and Analysis*

The Court's analysis is limited to the three primary issues raised by the Defendant in the motion: (1) attorney's fees under Civil Code art. 1997, (2) attorney's fees under 35 U.S.C. § 285, and (3) attorney's fees and bad-faith penalties under La. R.S. § 22:658. The Court has examined all of the exhibits submitted in support of the parties' positions and concludes that there is no genuine issue of material fact as to whether Plaintiff is entitled to attorney's fees or the applicability of La. R.S. § 22:658.

#### *1. Attorney's Fees under Civil Code art. 1997*

Plaintiff argues in its complaint that it is entitled to attorney's fees under Civil Code art. 1997 because of the Defendant's bad faith breach of contract. Civil Code art.1997 states, "An obligor in bad faith is liable for all the damages, foreseeable or not, that are a direct consequence of his failure

4


to perform." La. Civ. Code Ann. art. 1997 (2008). In *Sher v. Lafayette Insurance Company,* Nos. 07-2441, 07-2443 (La. 4/8/08), 2008 WL 928486 at *12, the Court held that attorney's fees are clearly not recoverable under Civil Code art. 1997.

Therefore, Defendant's partial motion for summary judgment as to attorney's fees under Civil Code art. 1997 is **GRANTED**.

### *2. Attorney's Fees under 35 U.S.C. § 285*

Plaintiff also argues it is entitled to attorney's fees under 35 U.S.C. § 285, but Defendant counters that attorney's fees are not available under that statute because it only applies to patent cases. The Court agrees. It is well established that to recover attorney's fees under 35 U.S.C. § 285, the cause of action must arise under patent law. *See Wilson v. Continental Development Co.,* 112 F. Supp. 2d 648, 666 (W.D. Mich. 1999) ("Consequently, this case did not arise under the patent laws, and an award of attorney's fees under 35 U.S.C. § 285 would not be appropriate."). Additionally, Plaintiff did not address this issue in its memorandum in opposition to the motion for partial summary judgment.

Therefore, Defendant's partial motion for summary judgment as to attorney's fees under 35 U.S.C. § 285  is **GRANTED**.

### *3. Attorney's Fees and Bad-Faith Penalties under La. R.S. 22:658*

Defendant requests a judgment dismissing all allegations of bad-faith penalties and attorney's fees pursuant to amended La. R.S. § 22:658, because the fifty-percent penalty provision contained in the amended version of the statute did not take effect until August 15, 2006 and consequently is

not applicable in this case. In response, Plaintiff argues that the amended version of La. R.S. § 22:658 is applicable here because the claim did not accrue until after the effective date of the amendment. Plaintiff contends that the cause of action accrued on May 2, 2007, when it made a satisfactory proof of loss regarding roof damage.

The current version of Louisiana Revised Statute § 22:658, which is the version Plaintiff seeks to apply, provides in relevant part:

> Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)(1) and (4), respectively, or failure to make such payment or tender within thirty days after written agreement or settlement as provided in Paragraph (A)(2), when such failure is found to be arbitrary, capricious, or without probable cause, ***shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater***, payable to the insured, or to any of said employees, or in the event a partial payment has been made, ***fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs***. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience or the purpose of setting rates or making rate filings.

La. Rev. Stat. Ann. § 22:658 (B) (1) (Supp. 2007) (emphasis added). The Louisiana Legislature enacted this version of the statute during the 2006 Regular Session, and it became effective on August 15, 2006. 2006 La. Acts 813, § 1.

The version of La. R.S. § 22:658 that was in effect during the claims adjustment process for Plaintiff's losses and up to the week before Plaintiff instituted this litigation provided for a twenty-five percent penalty and did not allow for an award for attorney's fees. La. Rev. Stat. Ann. § 22:658

6

(2006). When the Legislature amended the statute to its current version, it made no provision for the statute to apply retroactively to conduct by an insurer that had occurred prior to its enactment.

Louisiana Civil Code article 6, entitled Retroactivity of Laws, provides that "[i]n the absence of contrary legislative expression, substantive laws apply prospectively only." La. Civ. Code Ann. art. 6 (1999). Substantive laws are those that impose new duties, obligations or responsibilities upon parties, or laws that establish new rules, rights and duties or change existing ones. *Jacobs v. City of Bunkie*, 737 So.2d 14, 20 (La. 1999). In *Sher v. Lafayette Insurance Company,* Nos. 07-2441, 07-2443 (La. Apr. 8, 2008), 2008 WL 928486 at *11, the Louisiana Supreme Court ruled definitively that La. R.S. § 22:658 does not apply retroactively.

Because the statute cannot be applied retroactively, the determinative question then becomes when the claim arises. Under the statute, "an insured's right to a penalty under § 658 comes into existence only after the insurer fails to pay a claim within thirty (30) days of receiving satisfactory proof of loss." *Madere v. State Farm Fire & Cas. Co.,* No. 06-2889, (E.D. La. Jun. 5, 2007), WL 1655553, at *2. The Louisiana Supreme Court's ruling in *Sher* clarified the law regarding the retroactivity of La. R.S. § 22:658, and the ruling discusses only two factual situations in which the amended statute could apply: (1) when satisfactory proof of loss is not made before the effective amendment date (August 15, 2006), but a petition for damages is served after to trigger the amended statute, and (2) when the plaintiff discovers *new* damages and makes satisfactory proof of loss after the effective amendment date. *Sher,* 2008 WL 928486, at *9 (La. 2008). Therefore, for Plaintiff to recover under the amended statute, the claim must have accrued *after* the effective date of the amendment, or August 15, 2006.

Defendant argues in its motion that the events relied upon for support by Plaintiff all occurred in late 2005 and early 2006 before the amendment's effective date. (MSJ at 8). Plaintiff, on the other hand, argues that an expert estimate of roof damage (hereinafter "Dahlman Report") made on May 2, 2007, constitutes a satisfactory proof of loss and *new* damages that trigger the amended statute. The Court agrees with Defendant's reasoning, and finds that the exhibits and evidence suggest that the claim accrued before the effective date of the amendment.

The crux of Plaintiff's argument is whether the Dahlman Report, submitted on May 2, 2007, is satisfactory proof of loss for *new* damages discovered by Plaintiff after the effective amendment date of August 15, 2006. The Court does not find it necessary to reach the question of whether the Dahlman Report is satisfactory proof of loss, because the evidence fails to show a genuine issue of material fact as to whether there were any "new" damages to trigger the amended statute. As discussed in *Sher*, the proof of loss required to trigger the amended statute must be *new* damages discovered by the plaintiff after the effective date of the amendment. *Sher,* 2008 WL 928486 at *9 (La. 2008).

The Court is not persuaded by Plaintiff's arguments that the Dahlman Report constituted new damages that trigger the amended statute. First, the plaintiff's own assertions in its complaint suggest a thorough report of damages to the apartment complex was furnished before the amendment's effective date, "On or about December 6, 2005, Greenspan furnished State Farm's Adjuster with a detailed report outlining the total damages caused by Hurricane Katrina to Calypso's apartment complex. . . ." (Compl. ¶ 16). Second, the disparity in figures from the original December 6, 2005, roofing estimate (approximately $1.5 million) and the May 2, 2007 Dahlman

8

Report (approximately $1.1 million) suggests that Defendant's argument is correct:

> The Dahlman report. . . does not constitute a 'new' proof of loss, but merely a reiteration of Calypso's claim made prior to litigation. The Dahlman report does not purport to present evidence of new damage; indeed, by its own terms it addresses 'damage caused by Hurricanes Katrina and Rita in August and September of 2005.'

Finally, Plaintiff argues that the Dahlman Report is the only proof of loss submitted to State Farm "containing a complete and accurate rendition of the total losses sustained to its roofs." However, a complete and accurate rendition of losses do not equate *new, undiscovered* damages, especially when the corrected figure is lower than the original estimate. Plaintiff simply cannot benefit from its own adjuster's incorrect estimate, and later claim that the correction is a "new" damage entitling it to increased penalties and claims for attorney's fees. Because Plaintiff has failed to present sufficient evidence that there is a genuine issue of material fact as to whether the Dahlman Report constitutes satisfactory proof of loss of new damages, the *Sher* ruling and this Court's own precedent foreclose any other arguments for the application of amended La. R.S. § 22:658.

As this Court stated in *Empire Inn, LLC v. State Farm Fire & Cas. Co,*:

> Plaintiff tries to evade precedent by arguing that State Farm's alleged violations of 658 are ongoing. Plaintiff's arguments are unconvincing." The Court sees no reason to deviate from precedent under these circumstances. . .Here, Plaintiff's alleged loss, State Farm's determination as to the cause of that loss, and State Farm's claims investigation all occurred before August 15, 2006. Thus, the version applicable to Plaintiff's claims is the version in effect before the latest amendment to section 658.

No. 06-4939, 2007 WL 2751203, at *4 (E.D. La. Sept. 18, 2007). The Court sees no reason to deviate from precedent under these facts.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion** filed by defendant State Farm Fire and Casualty Company should be and is **GRANTED.**

September 18, 2008

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE